UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| APRIL I. GARDNER and STYLEMINT, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>BEACHMINT, INC., ASHLEY OLSEN and MARY-KATE OLSEN,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiffs April I. Gardner ("Gardner") and StyleMint, LLC (together, "Plaintiffs") allege as follows:

### NATURE OF THE ACTION

1. This action arises from the unauthorized use of Plaintiffs' trademark STYLEMINT by Defendants BeachMint, Inc. ("BeachMint"), Ashley Olsen, and Mary-Kate Olsen (collectively "Defendants") for a substantially similar purpose: the promotion, sale, and commentary on women's fashion, clothing, shoes, handbags, and accessories through e-commerce and social media platforms. Defendants' misuse of the STYLEMINT trademark has already created actual confusion in the marketplace and is likely to cause additional confusion in the future. Specifically, it is clear by their actions that consumers and others actually believe that either Plaintiffs' STYLEMINT is Defendants' STYLEMINT, or the Plaintiffs' products and services are affiliated or associated with the Defendant's products and services. Defendants' use of the STYLEMINT mark violates the Lanham Act, 15 U.S.C. §§ 1051, et seq., and Massachusetts common law.

## PARTIES

2. Plaintiff April Gardner ("Gardner") is an individual who resides in Boston, Massachusetts, and who does business in the United States under the trademark, service mark, and trade name STYLEMINT.

3. Plaintiff StyleMint, LLC is a Nevada limited liability corporation.

4. Defendant BeachMint, Inc., is a Delaware Corporation with its principal place of business at 1419 2nd Street, Santa Monica, California 90401.

5. On information and belief, Defendant Ashley Olsen is an individual who resides in California.

6. On information and belief, Defendant Mary-Kate Olsen is an individual who resides in California.

## JURISDICTION AND VENUE

7. The Court has subject-matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 1125 (a) (the "Lanham Act"); 28 U.S.C. § 1331 (federal question); 28 U.S.C §§ 1338 (a) and (b) (original jurisdiction over claims relating to trademark); and 28 U.S.C. § 1332 (diversity). The Court has supplemental jurisdiction over Massachusetts common law claims pursuant to 28 U.S.C. § 1367(a).

8. Defendant BeachMint is subject to personal jurisdiction in this district because, upon information and belief, it does business and solicits business in this Commonwealth through its infringing web site, www.stylemint.com, and has other substantial contacts within the Commonwealth. Moreover, Plaintiffs' claims against BeachMint are substantially related to BeachMint's contacts within the Commonwealth. Specifically, BeachMint is improperly trading on the STYLEMINT trademark of Gardner, a Massachusetts resident, and is causing harm to

Gardner in Massachusetts. For these reasons, jurisdiction is also proper under the Massachusetts long-arm statute, Mass. Gen. Laws. ch. 223A, § 3.

9. Defendants Ashley Olsen and Mary-Kate Olsen are subject to personal jurisdiction in this district because, upon information and belief, they do business and solicit business in this Commonwealth generally and through their promotion of BeachMint's infringing web site, www.stylemint.com, and have other substantial contacts within the Commonwealth. In addition, the Plaintiffs' claims against the Olsens are directly related to the Olsens' misuse of the trade name STYLEMINT to promote themselves and their products.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial number of the events giving rise to this action occurred in this judicial district.

## FACTS

### Gardner's Business and Prior Use of the STYLEMINT Mark

11. Gardner is a businesswoman and a fashion writer who provides her services and products to women and diverse users through the internet. Since at least 2007, Gardner has sold and marketed various clothing items, and has provided fashion and style advice, commentary and information to the fashion industry and general public in the United States under the name and trademark STYLEMINT. Therefore, Gardner has common law trademark rights in the word STYLEMINT.

12. In or about early 2007, Gardner started her own venture combining her interests in style and fashion with her skills in web technology and writing. Gardner used her trademark and trade name STYLEMINT because the word "Style" embodies the timeless quality of fashion and "Mint" because the web site would be a "vault" or repository of design, style and fashion ideas and resources, and because "Mint" suggests fresh ideas on style.

13. Gardner's business is known by the distinctive trademark and trade name STYLEMINT, and if necessary to show, the trademark has acquired secondary meaning as identifying Gardner and/or her business. StyleMint, LLC, which Gardner owns, maintains the rights to business and services in the marketplace, including rights to STYLEMINT.

14. Since at least August 2007, Gardner has been continuously using the STYLEMINT mark (the "Mark") in connection with, among other things, a business website that she owns and maintains, www.stylemint.net ("stylemint.net").

15. In addition, Gardner owned the domain name www.stylemint.com from January 2008 until January 2009, when her ownership inadvertently lapsed.

16. Gardner's goods, which are marketed principally to women, are sold, and have been sold since 2007 through her web site at stylemint.net, and on eBay, at www.ebay.com using the STYLEMINT name and mark. Gardner promotes her goods and services under the STYLEMINT mark on various popular social media outlets, including Facebook and Twitter. Gardner owns social media internet domain names including facebook.com/stylemint, twitter.com/stylemint and foursquare.com/stylemint. Gardner has thousands of followers and fans on these sites, who know her and her business through the name, trade name, and trademark "STYLEMINT."

17. On her website, stylemint.net, Gardner also provides original articles, editorial commentary, and advice on style, fashion, fashion designers, clothing, footwear, handbags, and accessories.

18. Gardner's business and services under the STYLEMINT trademark have received considerable recognition and have been the subject of articles in various publications, including *eHow Style*, *Embelezzia*, *FashionTrend Digest*, and *Style Collection*.

19. Gardner's business is built on her brand reputation, under the name STYLEMINT, through fashion and style advice, product lines, and relationships with retailers.

20. Gardner has invested substantial time, effort, and resources over the years in connection with the distribution, marketing, and sale of her goods and services under the STYLEMINT name and mark. The STYLEMINT name, trademark, trade name, and her business thereunder, have become widespread and have gained public acceptance, good will and recognition, and therefore the STYLEMINT mark is an asset of substantial value to Plaintiffs.

21. As a result of Gardner's longstanding, continuous, and exclusive use of the STYLEMINT mark, participants in the marketplace have come to recognize the mark and to associate it with Gardner and/or her business and website, stylemint.net.

22. Gardner must protect her brand name and reputation from infringement and dilution. On April 8, 2011, after learning of BeachMint's intent to use the mark STYLEMINT and the internet domain name, www.stylemint.com, Gardner filed a trademark application with the United States Patent and Trademark Office ("USPTO") declaring use (in commerce) of "STYLEMINT" in Classes 035, 041, and 045. USPTO has assigned this pending application the serial number 85/290,792. Gardner recently transferred the exclusive rights to this trademark application and the mark to Plaintiff StyleMint, LLC, a limited liability corporation formed in early June 2011.

### Defendants' Substantially Similar Business and Infringing Use of the STYLEMINT Mark

23. In late March 2011, Gardner learned that the domain name stylemint.com was registered to an individual named David Fink. On or about April 2, 2011, after consulting the WHOIS registry, Gardner learned that Defendant BeachMint had replaced Fink as the owner of the stylemint.com domain. Shortly thereafter, Gardner learned that Fink is a BeachMint

employee and discovered that someone from BeachMint had viewed her LinkedIn profile.

24. On April 2, 2011, Gardner contacted Fink by email and asked about purchasing the stylemint.com domain name. In the same series of communications, Gardner explained that she had previously owned the stylemint.com domain name, was publishing a style blog under the name and mark STYLEMINT at stylemint.net since 2007, and that she owned the domains facebook.com/stylemint and twitter.com/stylemint. Fink declined to sell stylemint.com to Gardner and instead sought to purchase her social media accounts, facebook.com/stylemint and twitter.com/stylemint. Gardner declined to sell these accounts to Fink or BeachMint.

25. Between April 2, 2011 and June 9, 2011, Fink and another BeachMint employee, Trina Albus, made several attempts to purchase stylemint.net, facebook.com/stylemint and twitter.com/stylemint from Gardner. Gardner declined to sell.

26. In an email on April 6, 2011, Fink told Gardner that BeachMint had "a press release dropping" on April 7, 2011 regarding StyleMint, and that BeachMint would "prefer to own facebook/stylemint and twitter/stylemint." Fink added that if Gardner was unwilling to sell those names, BeachMint would be going to its "backup URLs."

27. On April 7, 2011, with full knowledge of Gardner's prior use of the STYLEMINT mark, including at www.stylemint.net and on Facebook and Twitter, BeachMint issued a press release stating that in July 2011 it was launching an e-commerce business named STYLEMINT at StyleMint.com with defendants Mary-Kate Olsen and Ashley Olsen as partners. According to the press release, STYLEMINT would be a "fashion enterprise" "meld[ing] e-commerce and social media platforms," including an "exclusive T-shirt collection designed by Mary-Kate and Ashley Olsen."

28. On information and belief, BeachMint, a Delaware corporation, formed in May 2010, filed a United States trademark application for the word "STYLEMINT" on April 13, 2011 in Classes 035 and 042, only five days after Gardner's trademark application. On information and belief, by that time, BeachMint had full knowledge of Gardner and her use of the STYLEMINT mark, including at stylemint.net, facebook.com/stylemint, and twitter.com/stylemint.

29. On June 20, 2011, Jordan Posell ("Posell"), the Chief Financial Officer of BeachMint sent Gardner an email acknowledging that several people at BeachMint had been in contact with Gardner about what he described as *"our conflicting uses of the Stylemint mark, handles, URL, etc."* Posell indicated that he had "taken the matter over internally and would love the opportunity to talk with [Gardner] on the phone about a final resolution."

30. Three days later, on June 23, 2011, Posell wrote to Gardner, "[w]e are immediately proceeding with the launch of our Stylemint website. Because we haven't received any response to our efforts to resolve this with you since April and you have not otherwise contacted us about your plans, it is our understanding that we have full legal rights to proceed because of the different channels of commerce, etc. and BeachMint's established rights to the mark. Best of luck to you." Gardner was under no obligation to "resolve" the matter with BeachMint and she refused BeachMint's offers to purchase STYLEMINT from her.

31. However, the next day, on June 24, 2011, Gardner's attorney sent BeachMint a cease and desist letter via email, demanding that BeachMint "cease and desist from using the STYLEMINT mark immediately." In the letter, Gardner's attorney explained, as Gardner had explained in an email to Fink on April 2, 2011, that Gardner has been using the name STYLEMINT in commerce for four years and has therefore secured common law rights to the

name. She noted that Gardner's marks and BeachMint's marks "are not only identical in sound, appearance and meaning but are also for very similar services (online websites dedicated to the high-end fashion and clothing industry) and both marks are filed in international class 035. They also both rely on the exact same channels of trade communication, namely consumer oriented websites and social media sites." Finally, Gardner's attorney noted that "BeachMint's continued use of the STYLEMINT name is usurping the goodwill that [Gardner] has built in her brand. The continued use is also causing consumer confusion by misleading the public into thinking that the marks originate from the same source or are sponsored by the same entity. This is evidenced on Twitter, where BeachMint's own investor, @trinityventures, tweeted directly to [Gardner's] @twitter account about BeachMint's "$23 million in funding." On July 1, 2011, BeachMint launched the web site www.stylemint.com under the STYLEMINT trademark.

32.     On information and belief, Trinity Ventures is an early-stage venture capital firm which provides funding to BeachMint for, among other things, development of BeachMint's StyleMint through, among other things, www.stylemint.com. The fact that BeachMint's *own* venture capital firm confused Gardner's STYLEMINT mark with Defendants' use of the mark demonstrates actual confusion.

33.     On information and belief, BeachMint has registered several internet and social media domain names that have been confused and are likely to be confused with or mistaken with Gardner's own trademarks and names such as facebook.com/MyStyleMint, twitter.com/MyStyleMint, and beachmint.com, among others. On these sites, BeachMint prominently uses the word and mark STYLEMINT to promote Defendants' products and services.

34. On June 28, 2011, the "StyleMint Launch Team" sent an email that included a photograph of BeachMint's use of the STYLEMINT mark, which, like Gardner's use, is in all capital letters. The email also included a photograph of the Olsens and a link to a Facebook page called "StyleMint." By following the StyleMint Facebook link in the email, users are directed to BeachMint's STYLEMINT Facebook page, which is also called "StyleMint." Only the URL, which users do not need to type to access BeachMint's Facebook page, contains the term "MyStyleMint."

35. On July 10, 2011, a BeachMint customer named Jessica Chu posted a message to Gardner's @stylemint twitter account that stated, "Also found out my @StyleMint purchases came while I was in Vegas. Just tried on a tee . . . I'm loving it! :)." Similarly, July 12, 2011, a BeachMint customer named Tira Fire, using the name "iamstyleeye," posted two messages to Gardner's account, @stylemint. The first post stated, "Just got my t's from @stylemint and I love the packaging! A fabulous recycled envelope!" and attached a photograph of the packaging. In the second message, Fire stated, "It just keeps getting better! @stylemint has thought of every detail! That's a suede ribbon!" This is evidence of actual confusion by customers.

36. Defendants' goods or services, offered or promoted under the trademark or trade name STYLEMINT, or the internet domain name and web site www.stylemint.com, and other domain names, are offered and promoted to the same or similar class of purchasers, potential purchasers, and users, and through the same channels of commerce as Gardner's goods and services, and either directly compete with Gardner's goods and/or services, or are similar to Gardner's fashion goods or services, and offered to the same purchasers or similar present or future purchasers.

9

37. Writers in the internet fashion community recognize that Gardner and Defendants' use of the identical trademark and trade name STYLEMINT is directed to the same class of potential purchasers and customers.

38. Defendants have engaged and continue to engage in willful trademark infringement and unfair competition, despite having actual knowledge of Gardner's use and superior rights in the STYLEMINT mark.

39. On information and belief, based upon statements in the press, BeachMint and the Olsens participate together possibly as partners in the STYLEMINT business, website, and marketing of goods and fashion information under the STYLEMINT mark.

40. On information and belief, STYLEMINT has been financed with $10 million in capital from Trinity Ventures and an additional $23.5 million from Scale Venture Partners and Lightbank. The Plaintiffs will amend their Complaint to add these investors to this suit to the extent that they are making use in commerce of the STYLEMINT trademark, and directly or indirectly involved in engaging in trademark infringement, unfair competition, false designation of origin or otherwise infringe the rights of the Plaintiffs.

41. In addition, upon information and belief, BeachMint is using and/or intends to use other marks that end with "MINT" such as "JEWELMINT," "THREADMINT," and "BEAUTYMINT," to promote products and services. The use of marks ending with the word "MINT" in relation to BeachMint's products and services is likely to cause further confusion, may further infringe on the Plaintiffs' rights in the STYLEMINT mark, and/or continue to dilute the distinctiveness of Gardner's trademark and Plaintiffs' brand reputation in STYLEMINT.

42. Defendants' actions have led the consuming public to falsely conclude that its goods or services originate with or were authorized by, or associated with Gardner or her

business, including StyleMint.net, or services, or vice-versa. Indeed, there is significant evidence of reverse confusion wherein the consuming public is confusing BeachMint's expanding use of STYLEMINT with Gardner and her products and services, including stylemint.net.

43. Gardner receives emails and other correspondence asking her about Defendants' products and services, or otherwise indicating confusion or reverse confusion. In addition, information posted to Gardner's twitter page, twitter.com/stylemint, demonstrates that even BeachMint's own agents and venture capitalists are actually confused about the existence of an affiliation between Gardner and stylemint.com.

44. Defendants' use of the mark STYLEMINT constitutes trademark infringement and unfair competition, and a false representation of origin or association under the Lanham Act, and is likely to confuse and mislead the consuming public. Defendants' infringing activities also dilute the Plaintiffs' brand name in STYLEMINT and are likely to deceive the consuming public and cause irreparable harm to the Plaintiffs and their brand reputation.

45. As a result of Defendants' actions and infringement under the STYLEMINT trademark, the Plaintiffs have suffered, and will continue to suffer, lost sales and have suffered, and will continue to suffer, damage to their online reputation.

### COUNT I
**(Trademark Infringement, False Designation of Origin, and Unfair Competition Under the Lanham Act, 15 U.S.C. § 1125(a))**

46. The Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 45.

47. Defendants' aforementioned acts therefore constitute unfair competition and false representation in violation of the Lanham Act, 15 U.S.C. § 1125(a).

48. Gardner's prior use of the mark and her trademark application for STYLEMINT has an earlier filing date and an earlier use in commerce date, which provides Gardner and StyleMint, LLC with priority and superior rights in the mark STYLEMINT. If Gardner's trademark application for STYLEMINT is granted by the USPTO, BeachMint's use of the same mark, or similar marks, will constitute infringement under 15 U.S.C. § 1114.

49. Defendants' use of the mark STYLEMINT and misappropriation of the Plaintiffs' brand name and reputation have caused confusion and are likely to cause confusion or mistake in the future as to the origin and association of the STYLEMINT mark.

50. Because of the potential damage to the Plaintiffs' STYLEMINT business and the business's reputation, and the potential that BeachMint's business under the STYLEMINT trademark will engulf the Plaintiffs' reputation, Defendants' use of the STYLEMINT mark is likely to harm the reputation of Gardner and/or StyleMint, LLC, not only through traditional likelihood of confusion, mistake or deception, but through reverse confusion in the marketplace.

51. Defendants' unauthorized marketing, fashion services, and sales of their products and services, using the STYLEMINT mark, constitutes a false designation of origin or false representation that wrongly and falsely designated Defendants' products as originating from, associated, or connected with, Gardner and StyleMint, LLC and constitutes the use of false description or representation in interstate commerce in violation of 15 U.S.C. § 1125(a).

52. Defendants' acts of unfair competition and infringement of the Plaintiffs' trademark and trade name rights have been and continue to be deliberate, willful and wanton, and with knowledge of the Plaintiffs' trademark, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

53. Defendants' use of the STYLEMINT trademark has caused and, unless restrained

and enjoined by this Court, will continue to cause, irreparable injury to the Plaintiffs, for which they have no adequate remedy at law.

54. The Plaintiffs are entitled to a preliminary and permanent injunction against Defendants and others using the STYLEMINT mark in relationship to BeachMint or its goods or services, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages, treble damages, disgorgement of profits, and costs and attorneys' fees. Upon information and belief, Defendants' acts of infringement have also resulted in profits for BeachMint. The amount of these damages will be proven at trial.

### COUNT II
### (Common Law Trademark Infringement)

55. The Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 54.

56. Upon information and belief, Defendants' acts of trademark and trade dress infringement are intentional, deliberate, willful, fraudulent, and malicious.

57. Gardner alleges violation of her common law trademark and trade name rights by Defendants' infringing activities and unfair competition.

58. Defendants' use of the STYLEMINT trademark has caused and, unless restrained and enjoined by this Court, will continue to cause, irreparable injury to the Plaintiffs, for which they have no adequate remedy at law.

### REQUEST FOR RELIEF

WHEREFORE, in consideration of the foregoing, Plaintiffs April Gardner and StyleMint, LLC respectfully pray for the following relief against Defendants BeachMint, Ashley Olsen, and Mary-Kate Olsen:

1. Enter judgment in favor of Plaintiffs on all counts;

2. Enter a preliminary injunction and a permanent injunction to prevent further violation of the Plaintiffs' rights and to prevent violations of 15 U.S.C. § 1125, pursuant to 15 U.S.C. § 1116(a)-(c), restraining BeachMint and its officers, directors, employees, agents, affiliates, successors, assigns, Ashley Olsen, and Mary-Kate Olsen, and all those in privity or acting in concert or participation with any of them:

   a. From using the word STYLEMINT or any combination of any word with MINT in connection with the promotion, marketing, advertising, or public relations of or relations to women's clothing or fashion, including but not limited to on the internet, on any social media website, or otherwise;

   b. From diluting, blurring, passing off or falsely designating the origin of STYLEMINT and from injuring the Plaintiffs' goodwill and reputation;

   c. From doing any other act or thing likely to induce the belief that BeachMint's services or products are in any way connected with, sponsored, affiliated, licensed, or endorsed by the Plaintiffs;

   d. From using STYLEMINT, mystylemint, or any other substantially similar name, for goods or services, or on the internet, or as domain names, email addresses, social media domain names, meta tags, invisible data, or otherwise engaging in acts or conduct that would be likely to cause confusion or mistake as to the source, sponsorship or affiliation of BeachMint with Gardner or StyleMint, LLC.

   e. From otherwise infringing upon the Plaintiffs' STYLEMINT mark; and

   f. From otherwise unfairly competing with the Plaintiffs.

3. Order Defendants to give notice to its customers and correspondents and any publicity sources with which it has commenced using the name, mark, or domain name containing STYLEMINT that it is:

   a. not connected or affiliated with Gardner, her business or website, or StyleMint, LLC; and

   b. no longer using the name or mark STYLEMINT.

4. Order Defendants, in accordance with 15 U.S.C. § 1116(a), to file with this Court and serve upon the Plaintiffs within thirty (30) days after service of any injunction a report in writing under oath, setting forth in detail the manner and form in which BeachMint has complied with the permanent injunction.

5. Order Defendants to account and pay over to the Plaintiffs all gains, profits, and advantages derived from the use of the STYLEMINT mark, pursuant to 15 U.S.C. § 1117 and other applicable law.

6. Order Defendants to pay the Plaintiffs the actual damages sustained as a result of BeachMint's wrongful conduct.

7. Order Defendants to pay the Plaintiffs three times BeachMint's profits made as a result of its wrongful conduct or three times the Plaintiffs' damages, whichever is greater, pursuant to 15 U.S.C. § 1117 and other applicable law.

8. Order Defendants to pay pre-judgment interest on Plaintiffs' damages as provided in 15 U.S.C. §1117 and other applicable law.

9. Order Defendants to pay the costs of this action as provided in 15 U.S.C. § 1117 and other applicable law.

10. Order Defendants to pay Plaintiffs' attorneys' fees as provided by 15 U.S.C. § 1117 and other applicable law.

11. Grant such other and further relief as is just and proper.

## JURY DEMAND

The Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

APRIL I. GARDNER and STYLEMINT, LLC,

By their attorneys,

*/s/ Alan D. Rose*

Alan D. Rose (BBO#427280)
adr@rose-law.net
Alan D. Rose, Jr. (BBO# 628871)
adrjr@rose-law.net
Lisa A. Tenerowicz (BBO# 654188)
lat@rose-law.net
ROSE, CHINITZ & ROSE
One Beacon Street, 4th Floor
Boston, Massachusetts 02108
Tel: 617-536-0040
Fax: 617-536-4400

Date: July 22, 2011